Caruthers, J.,
delivered the opinion of the Court,
The plaintiffs obtained an original attachment against Thomas Lawson, and placed it in the hands of the defendant, as a constable of Bradley county, who levied it upon a wagon, yoke of oxen, and cow and calf. The same was returned be- *257 gfore a magistrate, judgment given for the debt, and an order of sale issued. Whereupon, the debtor applied for and obtained writs of certiorari and supersedeas, to remove the case to the Circuit Court, and stay proceedings on the order of sale. Upon the service of the supersedeas upon the constable, he desisted, and also surrendered the property attached to the debtor, without replevy bond, who immediately removed, with his property, from the State, and the debt has been lost. The writs of certiorari and supersedeas were obtained without any security, under the pauper law.
This suit is brought against the constable and his sureties, upon his official bond, for a breach of duty in delivering over the property attached without replevy bond.
The question, upon this state of facts, is, whether the issuance and service of a writ of supersedeas upon an officer, having property in his hands under an attachment, has the effect to release it, and authorize him to return it to the debtor without bond for its forthcoming at the end of the suit.
We are not aware that we have any decision upon this precise point.
It was settled in the case of Overton v. Perkins, Martin & Yer., 373, that the issuance of an injunction where personal property has been levied upon, and taken in execution by an officer under & fieri facias, has the effect to discharge the lien, and authorizes the return of the property to the debtor. Though it is otherwise, where the levy is upon real estate. The Court say in that case, that the common rule is, that an execution is an entire thing, and when commenced, must be ended, and cannot be suspended. But that, by common consent of the Courts, both law and equity, growing out of the necessity of the thing, that rule has been departed from in the case of personalty, on account of its perishable nature. This is not a rule, they say in that case, but an exception to the common law rule, that an execution is an entire thing, and cannot he suspended; and the reason given for the exception is, that it is necessary for the interest of both, as the “injunction would destroy both debtor and creditor, if the goods were to await the ter- *258 ruination of the suit in equity, which might continue many years undetermined.” The property being of a perishable .character, or expensive to keep, or liable to depreciation, should not be held by the officer to abide the litigation. Such is the reason of the exception- stated. Another reason for the return of the property may be, that security for the debt, or to abide the final judgment, or decree, has, or is supposed to have been given, before the issuance of the injunction or su-persedeas. But where such process is obtained without security, but under the provision in favor of paupers, if, indeed, that can be done, (which we do not now decide,) this last reason would not exist. In determining the liability of the officer, however, no reference can be had to that matter, because he is bound to obey the process, whether properly issued or ■not, as he is not the judge of that. As to him, and his duties, therefore, the anterior proceeding cannot be looked to. His action under the order of sale is arrested by the writ, and the question simply, is, should he return the property in his hands, by virtue of the original attachment, to the debtor, or retain it. We have seen, that where he holds the property by virtue of a levy under the final process of fieri facias, he would be bound to return it upon the service of an injunction, and a supersedeas is the same thing in this respect. But is the rule the same where the property is held under an attachment, with an order of sale in his hands ? It is said, that by the attachment law there is but one mode of regaining possession by the debtor, and that is by replevy, upon security. But the other case is still stronger, as the property in the chattels taken in execution is vested, by law, in the officer, for the satisfaction of the debt, and it can only be divested by bond to deliver for sale. The effect in both cases is the same, the property returns to the debtor, and the power of the officer over it ceases. We can see no ground upon which a distinction can be drawn between the two case3, in regard to the duties and disabilities of an officer. At first view, it would seem that the effect of the supersedeas should only be to suspend the sale, but not release the property; and as an *259 «original question, we might be inclined to so bold, but we consider the contrary to be too well settled to be now disturbed by the Courts. The mischiefs of the rule are palpable enough, andaré illustrated in this case; but that does not authorize us to change a settled rule, or limit an established principle. There would be no injury if bond had been given before the supersedeas had been allowed to issue, and we do not now say that it was proper to order it without bond and security, but leave that question undeeided. But it was ordered and issued by proper authority, the officer was bound to obey it, and all the legal consequences must follow; one of which, as we have seen, was the return of the property to the debtor.
So the law was charged by the Circuit Judge ; and the jury found for the defendant, that he was not liable for the loss of the property, as he was guilty of no default in the performance of his duties as an officer.
The judgment must, therefore, be affirmed.